IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

NXSYSTEMS, INC.,
an Oregon corporation,

              Plaintiff,

   v.

TALON TRANSACTION TECHNOLOGIES,
INC., an Oklahoma corporation; and
DAVID GILLIAM, an individual,

              Defendants.

No. 3:12-cv-02009-HZ

OPINION & ORDER

Kenneth S. Mitchell-Phillips, Sr.
MITCHELL-PHILLIPS LAW, P.C.
12400 SE Freeman Way, Suite 100
Portland, OR 97222

    Attorney for Plaintiff

Thomas Freedman, Jr.
PEARL LAW LLC
522 SW 5th Avenue, Suite 1100
Portland, OR 97204

    Attorney for Defendants

1 - OPINION & ORDER

HERNANDEZ, District Judge:

NXSystems, Inc. ("NXS") brings this action against Talon Transaction Technologies, Inc. ("Talon") and David Gillman[1] for breach of contract, trademark infringement, and trademark dilution.  Now before the Court is Mr. Gillman's motion to dismiss (#15) for failure to state a claim upon which relief can be granted and for lack of personal jurisdiction, pursuant to Rules 12(b)(6) and 12(b)(2) of the Federal Rules of Civil Procedure, respectively.  Mr. Gillman also moves for imposition of sanctions, pursuant to Rule 11.  For the reasons that follow, Mr. Gillman's motion to dismiss is GRANTED, and the motion for sanctions is DENIED.

## BACKGROUND

The Complaint alleges the following, which I assume to be true for the purpose of addressing Mr. Gillman's motion to dismiss:

NXS is an Oregon corporation engaging in its global payment solution business in Oregon.  Compl., ¶ 1.  Talon is an Oklahoma corporation conducting business in Texas.  Id., ¶ 2.  Mr. Gillman is "president and CEO of Talon, and . . . has a principal place of residence in Texas."  Id., ¶3.  In May 2011, NXS entered into an agreement with Talon to "market, promote, and extend to its customers the opportunity to participate in a MasterCard Virtual Stored Value Card Program."  Id., ¶ 17.  The agreement restricted Talon from engaging in "any business . . . practice which may be injurious to NXS," including use of any intellectual property created by NXS.  Id.  Mr. Gillman executed the agreement as "President & CEO" of Talon.  Id., Ex. 2, p. 18.  NXS filed its Complaint on November 14, 2012, alleging Talon's use of "NexPay®" and the domain name "www.nexpayinc.com" infringes its trademark "NxPay®" and domain name "www.nxpay.com."  Id., ¶¶ 18-25.

---

[1] Plaintiff erroneously names Mr. Gillman as David Gilliam in the Complaint.

2 - OPINION & ORDER

**STANDARDS**

**I.    Rule 12(b)(2)**

Federal courts may exercise personal jurisdiction over a non-resident defendant where the state's long-arm statute confers jurisdiction over the defendant and the exercise of jurisdiction does not violate due process.  Data Disc. Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1285 (9th Cir. 1977).  Because Oregon law confers jurisdiction over an out-of-state defendant that is coextensive with due process, the court need only analyze whether the exercise of jurisdiction comports with due process.  Gray & Co. v. Firstenberg Mach. Co., 913 F.2d 758, 760, n.1 (9th Cir. 1990); Newman v. Comprehensive Care Corp., 794 F. Supp. 1513, 1518-19 (D. Or. 1992). Plaintiffs bear the burden of proving a prima facie case that jurisdiction exists over defendant. E.g., Flynt Distrib. Co. v. Harvey, 734 F.2d 1389 (9th Cir. 1984).

**II.    Rule 12(b)(6)**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief.  Shroyer v. New Cingular Wireless Servs., Inc., 622 F.3d 1035, 1041 (9th Cir. 2010).  In evaluating the sufficiency of a complaint's factual allegations, the court must accept all material facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff.  Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1140 (9th Cir. 2012).  However, the court need not accept conclusory allegations as true.  Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992).

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

(2007). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" Id. (citations and footnote omitted).

## DISCUSSION

I.  **Motion to Dismiss**

    A.    **12(b)(2)**

Mr. Gillman argues that NXS's claims should be dismissed because this Court lacks personal jurisdiction over him pursuant to Rule 12(b)(2). Due process requires a court to have general or specific jurisdiction to avoid "offend[ing] traditional notions of fair play and substantial justice." Int'l Shoe Co. v. State of Wash., 326 U.S. 310, 316 (1945). A court has general jurisdiction over a defendant where the defendant's contacts with the forum are "substantial" or "continuous and systematic." Decker Coal Co. v. Commw. Edison Co., 805 F.2d 834, 839 (9th Cir. 1986). A court has specific jurisdiction over a defendant if "there is a strong relationship between the quality of the defendant's forum contacts and the cause of action." Id. A court applies the following three-part test when determining whether it has specific jurisdiction over a defendant:

> (1) The nonresident defendant must do some act . . . by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections; (2) the claim must be one which arises out of or results from the defendant's forum-related activities; and (3) exercise of jurisdiction must be reasonable.

Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995) (citation omitted). The Ninth Circuit has recognized that courts must "generally respect corporate boundaries in jurisdictional contexts" and has previously stated that a "corporate officer who has contact with a forum only with regard to the performance of his official duties is not subject to personal jurisdiction in that forum." Kransco Mfg. v. Markwitz, 656 F.2d 1376, 1379 (9th Cir. 1981) (citation omitted).

4 - OPINION & ORDER

Here, the Complaint alleges that Mr. Gillman has "extensive contacts with, and conduct[s] business within . . . the State of Oregon", is a resident of Texas, and is the President and CEO of Talon.  Compl., ¶¶ 3, 5.  Absent from the Complaint are any facts supporting Mr. Gillman's alleged "extensive contacts" with Oregon.  The facts alleged in the Complaint simply go to Talon's activities, not Mr. Gillman's.  Compl., ¶¶ 11-25.  For example, the Complaint specifically refers to "Talon's Unlawful Activities", but does not specifically refer to Mr. Gillman's alleged unlawful activities.  Id., ¶ 17.

The Complaint also lacks facts supporting the determination that Mr. Gillman purposefully availed himself of the privilege of conducting activities in Oregon or that NSX's claims arise out of Mr. Gillman's forum-related activities.  Although the Complaint alleges that "[o]n or around May 3, 2011, Defendants agreed to the terms and conditions of the Agreement", there are no allegations that Mr. Gillman signed this agreement outside the performance of his official duties as President and CEO of Talon.  Id., ¶ 27.  Suffice it to say, there are no allegations whatsoever that Mr. Gillman conspired with Talon.  Simply put, the Complaint fails to allege that this Court has personal jurisdiction over Mr. Gillman.

**B.    12(b)(6)**

Mr. Gillman argues the claim against him should be dismissed for failure to state a claim pursuant to Rule 12(b)(6) because there are no allegations that he acted in his individual capacity.  NXS contends that its claims against Mr. Gillman should not be dismissed because Mr. Gillman "conspired" with Talon.  Resp., p. 3.  In Oregon, "an officer of a corporation who acts within the scope of his authority, discloses his representative capacity to the other party and makes a contract in the corporation's name is not liable for its breach." Kahn v. Weldin, 653 P.2d 1268, 1275 (Or. App. 1982).  In its Complaint, NXS alleges that Mr. Gillman breached the

agreement when Defendants collectively agreed to abide by the terms but failed to do so. Compl. ¶¶ 26-30.  Even taking the allegations as true, Mr. Gillman is correct.  NXS fails to make any allegations which suggest Mr. Gillman signed in his individual capacity, and even concedes that Mr. Gillman is not a party to the contract.  Resp., p. 3.  As previously discussed, NXS has not alleged conspiracy in its Complaint.

## II.     Leave to Amend

In the alternative, NXS seeks leave to amend its Complaint, citing Rule 15(a).  Resp., Attach. 1, pp. 3-4.  NSX filed its Complaint over twenty-one days ago and accordingly, cannot amend it "as a matter of course."  Fed. Rule. Civ. P. 15(a)(1).  Under Rule 15(a)(2), a court may grant leave when "justice so requires."  The decision of whether to grant leave to amend under Rule 15(a)(2), however, "remains within the discretion of the district court".  Leadsinger, Inc. v. BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182-83 (1962)).  Notably, NXS's motion for leave to amend violates Local Rule 7-1(b), which states that a motion "may not be combined with any response, reply, or other pleading."  LR 7-1(b).  Because NXS's request for leave to amend is combined with its response, it is procedurally improper under the local rules.  The motion is denied.

## III.    Motion for Sanctions

Mr. Gillman also files a motion for imposition of sanctions.  He argues the claims against him are frivolous, and are submitted to increase his litigation costs and harass him.  Rule 11(c)(1) gives a court discretion in imposing sanctions, stating "if . . . the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney[.]"  Fed. R. Civ. P. 11(c)(1) (emphasis added).  Mr. Gillman does not allege any facts to support his claim for frivolity, apart from identifying the underlying deficiencies in NXS's Complaint.  Moreover, Mr.

6 - OPINION & ORDER

Gillman fails to allege any facts demonstrating the claims against him were filed for improper purposes. I find that Mr. Gillman has not provided a sufficient factual basis to support his motion. The motion is denied.

## CONCLUSION

Accordingly, Mr. Gillman's motion to dismiss (#15) under Rules 12(b)(2) and 12(b)(6) is GRANTED, and the motion for imposition of sanctions (#20) is DENIED.

IT IS SO ORDERED.

Dated this 24th day of June, 2013.

MARCO A. HERNANDEZ
United States District Judge